IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAROL BAKER, individually, and as Personal Representative of the Estate of Robert Baker Sr., Deceased;<br><br>Plaintiffs,<br><br>vs.<br><br>BIG OX ENERGY, LLC, and BIG OX ENERGY-SIOUXLAND, LLC,<br><br>Defendants. | 8:18CV493<br><br>**MEMORANDUM AND ORDER** |

Defendants Big Ox Energy LLC ("BOE") and Big Ox Energy Siouxland LLC (collectively "Big Ox"), have moved pursuant to Fed. R. Civ. P. 14(a)(1) for leave to file an Amended Answer, Affirmative Defenses, and Third Party Claims. Big Ox argues that if Plaintiff's claims are ultimately successful, Olsson and CHS, Inc. would be responsible for all or part of Plaintiff's damages. For the reasons explained below, Defendants' motion, (Filing No. 31), will be granted.

### THE PLEADINGS

Plaintiffs' complaint alleges negligence, private nuisance and strict tort liability claims against Big Ox. Plaintiffs claim that in October of 2016, they were removed from their residence by personnel from South Sioux City, Nebraska because sewage and sewer gas had infiltrated their home. The plaintiffs did not return to their residence, claiming it was rendered uninhabitable. They claim Big Ox is responsible for the sewage and sewer gas infiltration because it released effluent from Big Ox's facility in South Sioux City (the "Facility") into that city's sewer system, causing pressure within the system and the infiltration of gases

and sewage into some South Sioux City residences, including the plaintiffs' residence. ([Filing No. 10-1](Filing No. 10-1)).

Big Ox's proposed third party claim against Olsson[1] alleges that the Facility is operated by BOE on property leased by BOS. The Facility is a state-of-the-art biodigester facility which receives wastewater from area industries and a residential area. BOE processes the waste to generate a renewable biogas that is injected into a local natural gas pipeline. When the Facility was being constructed, Olsson determined how effluent from the Facility should be handled by the South Sioux City sewer system, and Olsson recommended that Facility wastewater be routed through a South Sioux City municipal sewer main which ran through residential areas. Thereafter, South Sioux City decided to route the effluent from the Facility through a particular sewer main.

Big Ox alleges that if it is liable for Plaintiffs' alleged damages, Olsson is liable to Big Ox, in whole or in part, because Olsson determined and specified that wastewater from the Facility should be routed through a City sewer main connected to residences, including Plaintiffs' home.

ANALYSIS

Plaintiffs argue that Big Ox should not be permitted to file its proposed Amended Answer, Affirmative Defenses, and Third Party Claims because the third party complaint fails to state a claim, and because the affirmative defenses are not proper or sufficiently pleaded.

---

[1] Plaintiff does not oppose the addition of CHS as a third party defendant. (Filing No. 32, at CM/ECF p. 4).

A. <u>Third Party Action against Olsson</u>.

Big Ox argues its third party action against Olsson should be permitted because "[i]t was Olsson that determined and specified that wastewater from the Big Ox facility be routed through a municipal sewer main connected to residences, including Plaintiff's home," and "it was CHS . . . that caused the formation of certain gases as part of the Big Ox process." So, "if Big Ox is found liable for Plaintiff's claims, it is Olsson and CHS that created the conditions for such liability." ([Filing No. 31](), at CM/ECF pp. 2-3). Big Ox's proposed third party action alleges that if Big Ox is required to pay the plaintiffs, it is entitled to contribution and/or indemnification from Olsson and CHS. ([Filing No. 31-1](), at CM/ECF p. 11).

The plaintiffs oppose Big Ox's motion, arguing third party proceedings against Olsson are improper. Plaintiff asserts the Defendant's third party claims against Olsson are futile, arguing:

> There is no allegation that Olsson owed a duty to Plaintiff or to BOE, and no allegation that Olsson undertook any design work for Plaintiff or BOE. As framed, the pleading would propose professional liability claims against Olsson as design engineers. But, there is no allegation that Olsson designed for Mrs. Baker, the Plaintiff, or for the City of South Sioux City. In short, there is nothing to indicate the proposed Complaint could result in liability against Olsson.
>
> . . .
>
> There is no allegation in the proposed pleading alleging an engineer-client relationship between Olsson and Plaintiff, or between Olsson and BOE, or between Olsson and CHS. Absent allegations of duty there is no plausible claim stated in the proposed third party proceedings against the engineering firm.

([Filing No. 32](#), at CM/ECF pp. 4-5). In other words, Plaintiffs claim Olsson owed no duty to Big Ox because there was no relationship between them.

"[T]he essential function of notice pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." [WireCo WorldGroup, Inc. v. Liberty Mut. Fire Ins. Co., 897 F.3d 987, 992–93 (8th Cir. 2018)](#). The third party action raises Nebraska common law theories seeking indemnification and/or contribution from Olsson.

Under the terms of an indemnity contract, "an indemnitee may be indemnified against his own negligence if the contract contains express language to that effect or contains clear and unequivocal language that that is the intention of the parties. . . ." [Oddo v. Speedway Scaffold Co., 233 Neb. 1, 9, 443 N.W.2d 596, 602 (1989)](#) (internal citations omitted). But even absent a contractual relationship, a defendant may bring an action in equity seeking indemnity and contribution from a third party.

> Contribution is an equitable doctrine which divides the losses between tort-feasors. Contribution applies where both parties are under a common liability to the injured party and one party has paid more than his share of the burden. . . . Indemnity, also an equitable concept, transfers the entire loss to the tort-feasor who ought to bear it. . . .

[Nat'l Crane Corp. v. Ohio Steel Tube Co., 213 Neb. 782, 797, 332 N.W.2d 39, 47 (1983)](#). "[T]hose entitled to indemnity are generally free from personal fault while those entitled to contribution are not." [Downey v. W. Cmty. Coll. Area, 282 Neb. 970, 987, 808 N.W.2d 839, 853 (2012)](#).

The allegations of the Big Ox's proposed third party claims allege that if the plaintiffs' alleged damages were caused by transporting effluent from the Facility

through the City's sewer lines, then Olsson, not Big Ox, is responsible for those damages because Olsson recommended using the City's sewer lines for the sewage transport and the City followed that recommendation. The plaintiffs appear to argue that no duty to indemnify can arise in favor of Big Ox because Big Ox was not a party to Olsson's agreement to provide engineering services. However, a party is entitled to sue as a third party beneficiary "when it appears by . . . reasonable intendment that the rights and interest of such unnamed parties were contemplated and that provision was being made for them." [Podraza v. New Century Physicians of Neb., LLC, 280 Neb. 678, 789 N.W.2d 260, 267 (Neb. 2010)](). See also, [BNSF Ry. Co. v. Seats, Inc., 361 F. Supp. 3d 947, 954 (D. Neb. 2019)]().

Based on the allegations of the proposed third party claims, Olsson was retained to decide how the effluent from Big Ox's Facility should be transported for processing. If the allegations within the proposed third party claims are assumed to be true, as they must for the purposes of Big Ox's motion, Big Ox was the known, intended, and foreseeable beneficiary of Olsson's engineering services and its recommendation on how effluent would be discharged and transported from the Facility. As such, Big Ox's proposed third party claim alleges sufficient grounds for Big Ox's recovery as a third party beneficiary of the agreement to retain Olsson's professional services. See, e.g., [Perez v. Stern, 279 Neb. 187, 777 N.W.2d 545 (2010)](). When a professional "is retained specifically to advance the interests of third parties, absent countervailing circumstances, it makes no sense to conclude that the [professional] owes no duty to those parties to advance their interests competently." [Perez, 279 Neb. at 193, 777 N.W.2d at 551]().

Moreover, even in the absence of any express or implied contractual right to indemnification from Olsson, Big Ox has sufficiently alleged that Olsson's engineering recommendation was either the sole or a contributing cause of any damages the plaintiffs incurred and therefore Olsson should be required to either indemnify or contribute to any amounts Big Ox may owe to the plaintiffs. These allegations support Big Ox's claim, in equity, for indemnification or contribution from Olsson if Big Ox is liable to the plaintiffs. See, [Danny's Const. Co. v. Havens Steel Co., 437 F. Supp. 91, 93 (D. Neb. 1977)](#) ("Noncontractual indemnity applies to situations in which a person discharges a liability which has been imposed on him as a matter of law, but which, because of another's actual fault, should have been discharged by the other."); [Lipari v. Sears, Roebuck & Co., 497 F. Supp. 185, 196 (D. Neb. 1980)](#) (allowing defendant to seek contribution from the United States where the negligent acts of the defendant and of the United States combined to cause the plaintiff's injuries).

### B. <u>Improper and Insufficiently Pleaded Defenses</u>.

Plaintiffs further object to Big Ox's motion to amend, arguing the affirmative defenses as set forth in the proposed amended pleading are improper and boilerplate. Plaintiffs argue Big Ox's first ten "affirmative defenses" are not affirmative defenses; that they merely challenge the elements that the plaintiffs must prove. ([Filing No. 32](#), at CM/ECF pp. 7-8). When reviewing the pleadings, the court looks past the parties' labels and evaluates the actual allegations. As applied to answers, defenses that do not negate elements of a claim, or defenses asserting that no viable claim has been alleged, should generally not be designated as "affirmative defenses." But it does not follow that this mistaken designation provides a basis for denying a motion to amend an answer, particularly when the plaintiffs did not move to strike these same defenses in the

currently filed answer. "On the contrary, such errors are routinely disregarded." Bank of Beaver City v. Sw. Feeders, L.L.C., 2011 WL 4632887, at *9 (D. Neb. Oct. 4, 2011) (Urbom, J.).

> [A]s long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader. If the plaintiff has been given "plain notice" of the matters to be litigated, which is all the federal pleading rules require, he should be put to his proof on those issues irrespective of any error by the defendant regarding terminology.

5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1269 (3d ed. 2011). Despite an erroneous "affirmative defense" label, defenses which notify plaintiff that it will be put to its proof are not insufficient as a matter of law and will not be stricken. Bank of Beaver City, 2011 WL 4632887, at *9; see also Infogroup, Inc. v. Database, LLC, 95 F. Supp. 3d 1170, 1195 n. 26 (D. Neb. 2015).

The plaintiffs further argue that Big Ox's defenses "should be stricken because they are boilerplate-type assertions and lack[] any factual support" under the pleading standards established for complaints in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)." (Filing No. 32, at CM/ECF p. 6). The pleading requirements applicable to Plaintiffs' claims under Rule 8(a) of the Federal Rules of Civil Procedure, as espoused by Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), do not apply to defenses alleged under Rules 8(b) and 8(c). Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 361 (8th Cir.1997); Infogroup, Inc., 95 F. Supp. 3d at 1193 (D. Neb. 2015); Bank of Beaver City, 2011 WL 4632887, at *6. An alleged defense need only "affirmatively state any avoidance or affirmative relief." Fed. R. Civ. P 8(c).

The court finds that Defendants' proposed Amended Answer, Affirmative Defenses, and Third Party Claims adequately state a claim against Olsson, and their defenses, as alleged, provide sufficient notice of the matters to be litigated.

Accordingly,

IT IS ORDERED:

1) Defendants' motion for leave to file an Amended Answer, Affirmative Defenses, and Third Party Claims, ([Filing No. 31](Filing No. 31)), is granted.

2) Defendants' Amended Answer, Affirmative Defenses, and Third Party Claims, a copy of which is attached to their motion, shall be filed on or before September 2, 2019.

3) To facilitate case progression, Defendants shall promptly serve the third party defendants.

August 26, 2019

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge